## Application of SCHILLER et al.

(Court of Appeals of District of Columbia. Submitted November 10, 1926. Decided December 6, 1926.)

### No. 1882.

Patents ⊙⟶25—Application for patent for device for transferring liquids by pressure of purified air held properly denied.

Application for method of transferring liquids consisting of sterilizing and purifying the air, and using it under pressure to force liquid from one receptacle to another, *held* properly denied as covering only an aggregation of processes old in the art.

Appeal from the Commissioner of Patents.

Before MARTIN, Chief Justice, VAN ORSDEL, Associate Justice, and HATFIELD, Judge United States Court of Customs Appeals.

17 F.(2d)—14

═════

## Application of SCHILLER et al.

(Court of Appeals of District of Columbia. Submitted November 10, 1926. Decided December 6, 1926.)

### No. 1883.

Patents ⊙⟶37—Application for patent for purifying and sterilizing air held properly denied.

Application for patent for purifying and sterilizing air by means of compression and expansion *held* properly denied in view of prior art.

Appeal from the Commissioner of Patents.

In the matter of the application of Joseph F. Schiller and another for patent. From a decision of the Commissioner of Patents denying application, applicants appeal. Affirmed.

Joshua R. H. Potts, of Chicago, Ill., and G. B. Parkinson, of Philadelphia, Pa., for appellants.

T. A. Hostetler, of Washington, D. C., for Commissioner of Patents.

Before MARTIN, Chief Justice, VAN ORSDEL, Associate Justice, and HATFIELD, Judge United States Court of Customs Appeals.

VAN ORSDEL, Associate Justice. This is a companion case to the one just decided, No. 1882, —— App. D. C. ——, 17 F.(2d) 209, and relates to a method for purifying and sterilizing air. The following claims are illustrative of the method:

"(1) The herein described method of purifying air, consisting in compressing, expanding, and thereby sterilizing the air."

"(4) The herein described method of purifying air, consisting in compressing, expanding, and thereby sterilizing the air, extracting any oil it may contain, and filtering the air.

"(5) The herein described method of sterilizing air, consisting in compressing air until its temperature is about 150° F., and

expanding it until the temperature drops about 80°."

It will be observed that these claims are drawn to a method of sterilizing and purifying air. Appellant's device consists of an air compressor and a pipe leading therefrom to a series of expansion tanks, gradually increasing in size, through which the air passes into an oil separator, and an air filter from which the purified air is delivered and may be used for any purpose desired.

The tribunals below relied chiefly upon a patent to Perkins, January 2, 1900, covering a system for sterilizing, drying, and cooling air for use in preserving fruit or meat. His device is complicated and includes a furnace, a reheater, coolers, a low pressure air cylinder, a high pressure air cylinder, an intercooler, an expander, primarily for supplemental separators, and a storage or refrigerating chamber.

A patent issued to one Baldwin, May 4, 1909, and one to Garpheide, November 3, 1914, disclosed claims for apparatus for sterilizing liquids by means of pressure. Also a patent to one Larson, December 2, 1924, which discloses apparatus for killing bacteria is described in his application as follows:

"In carrying out this process I prefer to subject the bacteria in suspension in a suitable fluid to a high pressure by means of a suitable gas, and then to slowly release the fluid from the container in which it is held, and thereby, as the fluid passes out of its container, to permit a sudden expansion of the gas. This produces a sudden change in the osmotic tension of the fluid whereby the bacteria are killed, the expansion of the gas causing their disruption, and the juices, toxins, and protoplasm of the organism are released in a diffused state and without any chemical change therein."

It thus appears that the process of sterilizing fluids by air compression and the sudden relief of the fluid from the compressor is old in the art. Indeed Baldwin claims a process for sterilizing substances, such as meat, by means of pressure and the sudden removal of the pressure. It is well understood that this process explodes the bacteria in milk. Appellant's device is extensively used for the elevation, transferring, purification, and handling of milk. It is also true that there is nothing novel or new in the process of extracting the oil and filtering the air.

We are of opinion, therefore, that the Commissioner of Patents was right in rejecting the claims, and his decision is accordingly affirmed.

In No. 1883, motion was made to extend the time for issuing the mandate in which to file petition for rehearing. The petition not having been filed in the time allowed the mandates have to-day issued.