## Application of SCHILLER et al.

(Court of Appeals of District of Columbia. Submitted November 10, 1926. Decided December 6, 1926.)

### No. 1882.

Patents ⬅25—Application for patent for device for transferring liquids by pressure of purified air held properly denied.

Application for method of transferring liquids consisting of sterilizing and purifying the air, and using it under pressure to force liquid from one receptacle to another, *held* properly denied as covering only an aggregation of processes old in the art.

Appeal from the Commissioner of Patents.

Joshua R. H. Potts, of Chicago, Ill., and G. B. Parkinson, of Philadelphia, Pa., for appellants.

T. A. Hostetler, of Washington, D. C., for Commissioner of Patents.

Before MARTIN, Chief Justice, VAN ORSDEL, Associate Justice, and HATFIELD, Judge United States Court of Customs Appeals.

VAN ORSDEL, Associate Justice. This appeal is from the disallowance of appellant's application for a patent for a device for transferring liquids by air pressure. The following claims illustrate the device:

"(1) The herein described method of transferring liquids, consisting in sterilizing air, purifying the air, and using it under pressure to force the liquid from one receptacle to another."

"(7) The herein described apparatus for transferring liquids, consisting of means for compressing air, means for expanding air, means for purifying the air, and means for using it under pressure to force the liquid from one receptacle to another."

It will be observed that the claims call for either a method or apparatus for forcing liquid from one receptacle to another by the means of sterilized and purified air. References are shown that it was old to elevate liquids by air pressure. It is likewise old in the art to purify air for aeriating milk.

It was held in the Patent Office, and we think correctly, that the claims in issue cover merely an aggregation of processes old in the art. The elevating feature is old, whether it is produced by sterilized air or not. In

17 F.(2d)—14

the light of the references shown in the record, we find nothing in appellant's disclosure which would entitle him to a patent.

The decision of the Commissioner is affirmed.

In No. 1882, motion was made to extend the time for issuing the mandate in which to file petition for rehearing. The petition not having been filed in the time allowed, the mandates have to-day issued.

---

## Application of SCHILLER et al.

(Court of Appeals of District of Columbia. Submitted November 10, 1926. Decided December 6, 1926.)